FILED

'10 JUL 19 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

Richard D. McCune, Esq., State Bar No. 132124
rdm@wmtrial-law.com
Jae (Eddie) K. Kim, Esq., State Bar No. 236805
jkk@mccunewright.com
McCuneWright LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY WISHNER, on behalf of herself and all others similarly situated, | Case No. CV 10 - 05295 JHN (DTBx) |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | 1. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.] |
| MILLERCOORS, LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; MOLSON COORS BREWING COMPANY; SABMILLER HOLDINGS INC.; CVS PHARMACY, INC.; and DOES 1 through 10, | 2. VIOLATION OF FALSE ADVERTISING LAWS [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.] |
| Defendants. | 3. CONSUMER LEGAL REMEDIES ACT [CALIFORNIA CIVIL CODE § 1750, ET SEQ.] |
| | 4. FRAUD |
| | 5. BREACH OF CONTRACT |
| | 6. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| | 7. CONVERSION |
| | **DEMAND FOR JURY TRIAL** |

- 1 -

Complaint

1  Plaintiff STACEY WISHNER, on behalf of herself and all others similarly situated

2  (i.e., the members of the Plaintiff Class described and defined, infra), herein allege as

3  follows:

4  # I

5  ## JURISDICTION AND VENUE

6  1.     This Court has original jurisdiction of this action under the Class Action

7  Fairness Act of 2005.  The amount-in-controversy exceeds the sum or value of

8  $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain

9  members of the class are citizens of a different state than any defendant as required by 28

10  U.S.C. § 1332(d)(2).

11  2.     Venue as to Defendant is proper in this judicial district because Defendants

12  MILLERCOORS LLC; MILLER BREWING COMPANY; COORS BREWING

13  COMPANY; MOLSON COORS BREWING COMPANY; SABMILLER HOLDINGS

14  INC.; and CVS PHARMACY, INC. (hereinafter collectively referred to as

15  "Defendants"), do substantial business in this judicial district, Plaintiff observed

16  advertisements and purchased Defendants' products in California, and other acts

17  complained of occurred in this judicial district.

18  # II

19  ## GENERAL ALLEGATIONS

20  3.     This is a civil action primarily seeking from Defendants MILLERCOORS

21  LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; MOLSON

22  COORS BREWING COMPANY; SABMILLER HOLDINGS INC.; and CVS

23  PHARMACY, INC., restitution and disgorgement of all profits gained as a result of their

24  unfair practice and false advertising of the purchase price savings for a case of beer

25  through a mail-in rebate program that is ineffectual due to its burdensome requirements

26  being printed on the back of the small rebate form in ultra-fine print that is illegible.

27  This practice was intended to and, based on information and belief, actually results in

28  substantially increased sales of the cases of beer as well as the denial of the

Complaint

1   overwhelming majority of purchasers who submit the rebate form from ultimately
2   receiving the rebate funds.   Plaintiff also seeks to enjoin Defendants from continuing to
3   conduct such improper activities.  Plaintiff, for herself and all others similarly situated,
4   brings this action pursuant to the Unfair Business Practices Act, Business & Professions
5   Code sections 17200, *et seq.*, and 17500, *et seq.*; California Consumer Legal Remedies
6   Act, Civil Code sections 1750, *et* seq.; as well as California common law fraud, breach of
7   contract, breach of the implied covenant of good faith and fair dealing and conversion.

8          4.     Plaintiff STACEY WISHNER is a resident of the county of San Bernardino,
9   State of California.  She purchased a case of Coors Light beer at a CVS Pharmacy store
10  in the county of San Bernardino, State of California, and submitted the mail-in rebate
11  form from her home in the county of San Bernardino, State of California.

12         5.     Defendant MOLSON COORS BREWING COMPANY is the parent holding
13  company of MILLERCOORS LLC and conducts substantial business in all Counties
14  within the State of California as well as in each of the other States.  MOLSON COORS
15  BREWING COMPANY merged with Defendant SABMILLER HOLDINGS, INC., in
16  creating Defendant MILLERCOORS LLC, and is responsible for production,
17  distribution, advertisement and sale of the "Coors" and "Coors Light" brand alcoholic
18  beverages.  MOLSON COORS BREWING COMPANY is a Delaware Corporation and
19  headquartered in Denver, Colorado.

20         6.     Defendant SABMILLER HOLDINGS, INC., conducts substantial business
21  in all Counties within the State of California as well as in each of the other States.
22  SABMILLER HOLDINGS, INC., merged with Defendant MOLSON COORS
23  BREWING COMPANY, in creating Defendant MILLERCOORS, LLC, and is
24  responsible for production, advertisement, distribution, and sale of the "Miller" and
25  "Miller Lite" brand alcoholic beverages.  SABMILLER HOLDINGS, INC., is a
26  Delaware Corporation and is headquartered in London, United Kingdom, with its United
27  States operations headquartered in the MILLERCOORS, LLC, office in Chicago, Illinois.
28

Complaint

7.      Defendant MILLERCOORS, LLC, is the operating United States subsidiary of Defendant MOLSON COORS BREWING COMPANY and is the parent company of Defendants MILLER BREWING COMPANY and COORS BREWING COMPANY. MILLERCOORS, LLC, is one of the largest beer producers, distributers, advertisers, and sellers in the country and conducts business in all 50 states and internationally. Defendant MILLERCOORS, LLC, is headquartered in Chicago, Illinois, and incorporated in the state of Delaware.

8.      Defendant MILLER BREWING COMPANY is a subsidiary of MILLERCOORS LLC and the United States brewing unit of Defendant SABMILLER HOLDINGS INC., and conducts substantial business in all Counties within the State of California as well as in each of the other States.  MILLER BREWING COMPANY maintains branch offices throughout the State of California and in most other states, and is responsible for production, distribution, advertisement, and sale of the "Miller" brand alcoholic beverages.  MILLER BREWING COMPANY is a Wisconsin Corporation and headquartered in Milwaukee, Wisconsin.

9.      Defendant COORS BREWING COMPANY is a subsidiary of MILLERCOORS, LLC, and the United States brewing unit of Defendant MOLSON COORS BREWING COMPANY and conducts substantial business in all Counties within the State of California as well as in each of the other States.  COORS BREWING COMPANY maintains branch offices throughout the State of California and in most other states, and is responsible for production, distribution, advertisement and sale of the "Coors" brand alcoholic beverages.  COORS BREWING COMPANY is a Colorado Corporation and headquartered in Golden, Colorado.

10.     Defendants MOLSON COORS BREWING COMPANY; MILLERCOORS, LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; and SABMILLER HOLDINGS, INC., shall be collectively referred to as "MILLERCOORS."

11.     Defendant CVS PHARMACY, INC., (hereinafter "CVS") is one of the largest retail pharmacy store chains in the country and maintains branch offices

- 4 -

Complaint

1   throughout the State of California and in most other states.  It is a Rhode Island

2   corporation and is headquartered in Rhode Island.

3       12.   The true names and capacities of Defendants sued herein as DOES 1 through

4   10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by

5   such fictitious names.  Each of the Defendants designated herein as a DOE is legally

6   responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek

7   leave of Court to amend this Complaint to reflect the true names and capacities of the

8   Defendants designated herein as DOES when such identities become known.

9       13.   Based upon information and belief, Plaintiff alleges that at all times

10  mentioned herein, each and every Defendant was acting as an agent and/or employee of

11  each of the other Defendants, and at all times mentioned was acting within the course and

12  scope of said agency and/or employment with the full knowledge, permission and

13  consent of each of the other Defendants. In addition, each of the acts and/or omissions of

14  each Defendant alleged herein were made known to, and ratified by, each of the other

15  Defendants.

## III

## FACTUAL ALLEGATIONS

18      14.   MILLERCOORS is the second largest brewing company in the United

19  States, with an approximate 29% market share, and one of the largest brewing companies

20  in the world.  MILLERCOORS operates breweries throughout the country, producing

21  about 500 million gallons of beer a year, and is also responsible for bottling, distributing,

22  marketing, advertising and selling the beer.  Among the numerous brands produced,

23  distributed, marketed, and sold by MILLERCOORS, includes its flagship American

24  brands "Coors," "Coors Light," "Miller" and "Miller Lite," which are among the best

25  selling beer brands in the country.  MILLERCOORS markets and sells its products

26  primarily through retail stores, including liquor stores, convenience stores, grocery stores,

27  pharmacy stores, and other retail outlets.

28      15.   In marketing its "Miller Lite," "Miller Genuine Draft," "Coors Light" and

Complaint

1  "Coors Banquet" brands, MILLERCOORS designed, implemented, and advertised a

2  mail-in rebate program which represented to consumers that they would receive up to $6

3  with the purchase of a case of beer after submitting the rebate, which upon information

4  and belief, substantially increased sales of its beer during the period of this promotion.

5  However, MILLERCOORS has set up the mail-in rebate program to ensure that very few

6  purchasers would actually receive the promised rebate funds, thereby creating an illegal

7  and unfair profit center.

8       16.   The tiny rebate form is approximately two inches by three inches (even

9  smaller than an average business card), and is attached to the side of the case of beer.

10  The visible side of the rebate form advertises in large, bold, upper case red font "SAVE

11  UP TO $6 AFTER MAIL-IN REBATE," but makes no mention of the requirements for

12  submitting the rebate.  When a consumer peels the small rebate form from the box, he or

13  she can then look at the back of the form which contains extremely small spaces for

14  entering contact information, and in ultra-fine print the directions and requirements for

15  submitting the rebate form.  This ultra-fine print is illegible for most consumers, and

16  therefore consumers are very unlikely to be able to read and comprehend the

17  requirements for submitting the rebate form and to even actually fill out the contact

18  information section.

19       17.   The rebate form includes in ultra-fine print an instruction to include the

20  requirements that the purchaser has:

21              included this original rebate certificate (no photocopies),

22              original UPC's (no photocopies) from ONE (1) [number of

23              bottles in the case]-pack and original dated, store-identified

24              cash register receipt (no photocopies) with [Coors/Miller]

25              purchase circled.

26       18.   However, as these instructions are illegible to the general consuming public,

27  it is virtually impossible for a consumer to follow such instructions from reading the

28  form.  As the requirements themselves are also burdensome, MILLERCOORS has

Complaint

1   ensured that consumers who rely on the mail-in rebate promotion advertising and its

2   representation of a lower purchase price and buy the cases of beer will most likely never

3   receive the promised rebate funds.  Upon information and belief, this bate-and-switch

4   tactic has resulted in tremendous ill-gained profits for MILLERCOORS. Upon

5   information, this rebate program was advertised during a several-month period in 2010.

6        19.    CVS is one of the largest retail pharmacy store chains in the country, which

7   markets and sells, in addition to pharmaceutical prescription and non-prescription drugs,

8   other general grocery products, including alcoholic beverages.  CVS has a contract with

9   MILLERCOORS, whereby it markets, advertises, and sells "Miller Lite" and "Coors

10  Light" brand cases of beer, along with the above-mentioned mail-in rebate program.

11  CVS advertises in newspapers the MILLERCOORS mail-in rebate program in an effort

12  to entice customers to shop at CVS.  CVS also sold the cases of beer in its stores which

13  contained the mail-in rebate promotion advertisements.  However, for the reasons

14  discussed above, the mail-in rebate program constitutes an unfair and unlawful bate-and-

15  switch tactic, and has resulted in tremendous ill-gained profits for CVS.

16       20.    Upon information and belief, MILLERCOORS and CVS were aware of the

17  bate-and-switch nature of the rebate program and intended to derive tremendous profits

18  from discouraging submission of the rebate request and the denial of rebate requests.

19       21.    On June 12, 2010, Plaintiff STACEY WISHNER was shopping at a CVS

20  Pharmacy store in the city of Rancho Cucamonga, California, when she saw the mail-in

21  rebate advertisement on the box of cases of "Coors Light."  After considering the

22  advertised reduced purchase price, Plaintiff then purchased an 18-pack case of 'Coors

23  Light" with the intent to submit the mail-in rebate to receive the $4 rebate, which was

24  essentially reduction in the purchase price.  However, upon peeling the tiny rebate form

25  from the box, she discovered that she could not read the instructions on the back of the

26  box.  Thereafter, she then filled in her contact information, checked the box next to

27  "Please send me $4.00," which was the only part of the instructions that was in bold font,

28  and mailed the rebate form along with the original copy of her CVS receipt to the address

- 7 -

provided on the form.  Shortly after July 2, 2010, Plaintiff received a post card notice from MILLERCOORS which informed her that her rebate was being denied because the "REQUIRED UPC NOT ENCLOSED."  By this time, Plaintiff had disposed of the box which contained the case of beer, and therefore she no longer had the UPC.

22.    Upon information and belief, the experience of Plaintiff in being denied the rebate is reflective many hundreds of thousands of consumers throughout the country who could not read the ultra-fine print and was therefore unable to comply with the unnecessarily burdensome requirements of the rebate program.  Upon information and belief, these consumers, like Plaintiff, were enticed to purchase the case of beer by the advertised reduction in the purchase price through the mail-in rebate promotion, yet were never provided the promised rebate funds even after submission of the rebate form.

# IV

## CLASS ACTION ALLEGATIONS

23.    Plaintiff initially proposes a California class – the "Class" in litigating this case, as defined as follows:

> All consumers throughout the United States who have purchased a
> MILLERCOORS case of beer with the advertised mail-in rebate program,
> submitted the rebate form, and were denied rebate funds.

Excluded from the above class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

24.    However, should the Court decide that a California-based class is more appropriate for certification, Plaintiff also seeks, in the alternative, a subset of the above defined class that is limited to California consumers.

25.    This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiff reserves the right to modify the class definitions and the class period based on the results of discovery.

26.   **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that there are at least hundreds of thousands of consumers in this class. Inasmuch as the class members may be identified through business records regularly maintained by Defendants and their employees and agents, and through the media, the number and identities of class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail and supplemented by published notice, if necessary;

27.   **Existence and Predominance of Common Question of Fact and Law** – There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

    a.   Whether MILLERCOORS and CVS marketed and advertised the mail-in rebate program as a price reduction or "savings" to entice consumers to purchase the MILLERCOORS cases of beer.

    b.   Whether MILLERCOORS and CVS set up the rebate program in such a way that discourages consumers from submitting the rebate request and denies promised rebate funds for those who do submit the rebate request.

    c.   Whether MILLERCOORS and CVS intended the mail-in rebate program and marketing to be a misleading bate-and-switch scheme to induce consumers into purchasing the cases of beer without ultimately disbursing rebate funds to the overwhelming majority of purchasers.

    d.   Whether MILLERCOORS and CVS designed the rebate form as a tiny card with ultra-fine print that is illegible to a large number of consumers.

    e.   Whether the requirements for qualifying for the rebate are overly burdensome and unnecessary.

    f.   Whether the conduct of MILLERCOORS and CVS as described above constitutes violations of the causes of action set forth below.

28.   **Typicality** – The claims of the representative Plaintiff are typical of the claims of the members of the Class.  Plaintiff, like all other members of the Class, has sustained damages arising from Defendants' violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by Defendants.

29.   **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate.  Counsel for the Class will vigorously assert the claims of all Class members.

30.   **Predominance and Superiority** – This suit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendants' conduct.  Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them.  Even if class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides

1    the benefits of single adjudication, economies of scale, and comprehensive supervision
2    by a single court.

3        31.    The Class Plaintiff contemplates the eventual issuance of notice to the
4    proposed Class members setting forth the subject and nature of the instant action.  Upon
5    information and belief, Defendants' own business records and electronic media can be
6    utilized for the contemplated notices.  To the extent that any further notices may be
7    required, the Class Plaintiff would contemplate the use of additional media and/or
8    mailings.

9        32.    In addition to meeting the statutory prerequisites to a Class Action, this
10   action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal
11   Rules of Civil Procedure, in that:

12       a.    Without class certification and determination of declaratory,
13   injunctive, statutory and other legal questions within the class format, prosecution of
14   separate actions by individual members of the Class will create the risk of:

15       i.    Inconsistent or varying adjudications with respect to individual
16   members of the Class which would establish incompatible standards of conduct for the
17   parties opposing the Class; or

18       ii.    Adjudication with respect to individual members of the Class
19   which would as a practical matter be dispositive of the interests of the other members not
20   parties to the adjudication or substantially impair or impede their ability to protect their
21   interests;

22       b.  The parties opposing the Class have acted or refused to act on grounds
23   generally applicable to each member of the Class, thereby making appropriate final
24   injunctive or corresponding declaratory relief with respect to the Class as a whole; or

25       c.  Common questions of law and fact exist as to the members of the Class
26   and predominate over any questions affecting only individual members, and a Class
27   Action is superior to other available methods of the fair and efficient adjudication of the
28   controversy, including consideration of:

- 11 -

i.      The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

ii.      The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

iii.      The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

iv.      The difficulties likely to be encountered in the management of a Class Action.

## FIRST CAUSE OF ACTION

**Violation of California Business and Professions Code § 17200 *et seq.* – Unlawful, Fraudulent, and Unfair Business Act and Practices**

**(Against all Defendants)**

33.      Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

34.      Defendants' acts and practices as described herein constitute unlawful, fraudulent, and unfair business acts and practices, in that (1) Defendants' practices, as described herein, violate each of the statutes set forth within this Complaint, and/or (2) the justification for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and members of the Class, and/or (3) Defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to Plaintiff and members of the Class, and/or (4) the uniform conduct of Defendants has a tendency to deceive Plaintiff and the members of the Class.

35.      Defendants' unlawful, unfair and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to, misleading consumers into purchasing cases of beer through the marketing and advertising a price reduction through a mail-in rebate program, even though the rebate program was designed to result in the denial of rebate requests to the overwhelming majority of consumers who submit the request.

Complaint

36.     In addition to the above, the conduct as alleged throughout the complaint constitutes fraud, breach of contract, breach of the implied covenant of good faith and fair dealing and conversion that not only result in liability as individual causes of action, they also provide the basis for a finding of liability under California Business and Professions Code § 17200 *et seq.*

37.     Plaintiff and the Class members, and each of them, have been damaged by said practices.

38.     The conduct of Defendants as described herein violates California Business and Professions Code § 17200 *et seq.*, and other similar state unfair competition and unlawful business practices statutes.

39.     Pursuant to California Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of himself and all others similarly situated, seeks relief as prayed for below.

## SECOND CAUSE OF ACTION

### Violation of California Business & Professions Code § 17500 *et seq.* – False Advertising

### (Against all Defendants)

40.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

41.     As alleged herein, Defendants provided to the Plaintiff and the class members false and misleading standardized representations and advertisements regarding the "savings" on the purchase price of cases of beer through the ineffectual mail-in rebate program.

42.     These representations and advertisements were material to Plaintiff.

43.     As a result, Plaintiff and the Class members justifiably relied on such representations and advertisements and were damaged as a result.

44.     Plaintiff, on behalf of themselves and the Class, seeks relief as prayed for below.

- 13 -

Complaint

## THIRD CAUSE OF ACTION

### Violation of Civil Code § 1750 *et seq.* – Consumer Legal Remedies Act

45.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

46.     The following definitions come within the meaning of the Consumer Legal Remedies Act (California Code § 1750, et seq.):

        a.  The members of the California Class and National Class are "consumers" (California Civil Code § 1761(d));

        b.  Defendant is a "person" (California Civil Code § 1761(c));

        c.  Plaintiff's and each and every Class members' purchase of a MILLERCOORS case of beer constitute a "transaction" (California Civil Code § 1761(e)); and

        d.  The case of MILLERCOORS beer are "goods" (California Civil Code § 1761(a)).

47.     By advertising and marketing "savings" on the purchase price of cases of beer through the promotion of an ineffectual, over-burdensome, and incomprehensible mail-in rebate program, Defendants have engaged in conduct which constitutes "unfair or deceptive acts or practices" that are unlawful, as enumerated in section 1770(a) of the California Civil Code:

        (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

        (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

- 14 -

Complaint

(17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction;

48.     Such misconduct materially affected the purchasing decisions of Plaintiff and the members of the Classes.

49.     As a result of the California Civil Code § 1770 violations described above, Plaintiff and each and every members of the Class have suffered actual damages and seek injunctive relief in the form of restitution pursuant to California Civil Code § 1780.

50.     Furthermore, Defendants acted with oppression, fraud, or malice in engaging in the California Civil Code § 1770 violations described above.  As a result, Plaintiff is entitled to punitive damages, pursuant to California Civil Code § 1780.

## FOURTH CAUSE OF ACTION

### Fraud

### (Against all Defendants)

51.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

52.     The misrepresentations, nondisclosure and/or concealment of material facts made by Defendants to Plaintiff and the members of the Class, as set forth above, were known by Defendants to be false and material and were intended by the Defendants to mislead Plaintiff and the members of the Class.

53.     That the Plaintiff and the Class were actually misled and deceived and were induced by MILLERCOORS and CVS to incur merchant discount fees they otherwise would not have incurred.

54.     As a result of the conduct of Defendants, Plaintiff and the Class members have been damaged by having purchased cases of beer for which they were denied rebate funds.  In addition to such damages, Plaintiff seeks punitive or exemplary damages pursuant to California Civil Code § 3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant[s]

Complaint

with the intention on the part of the defendant[s] of thereby depriving a person of property or legal rights or otherwise causing injury."

## FIFTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against all Defendants)

55.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

56.    California law implies a covenant of good faith and fair dealing in all contracts between parties.

57.    As a result of the actions of Defendants, set forth hereinabove, Defendants have violated the implied covenant of good faith and fair dealing contained in the agreements which purport to govern Plaintiff's and the Class members' Agreements, and as a result thereof, Plaintiff and the Class members are entitled to damages as prayed.

## SIXTH CAUSE OF ACTION

### Breach of Contract

### (Against all Defendants)

58.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

59.    MILLERCOORS promises to provide up to a $6 rebate with the purchase of a case of beer upon submission of the rebate form, an agreement which also affects the duties of CVS through its own representations to consumers.  However, upon submission of the rebate form and a proof of purchase, MILLERCOORS still denies disbursement of rebate funds, in violation of the terms of the rebate agreement.

60.    As a proximate result thereof, Plaintiff and similarly situated consumers have suffered damages in the amount the denied rebate funds, plus interest, in an amount that is capable of identification through Defendants' records.

- 16 -

Complaint

## SEVENTH CAUSE OF ACTION

### Conversion

### (Against all Defendants)

61. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

62. Plaintiff and the Class members own and have a right to possess the money that is rightfully theirs.

63. Defendants, and each of them, interfered with Plaintiff and the Class members' possession of this money by wrongfully taking this money from them in the way of denying them rebate funds owed to them.

64. Plaintiff and the merchant Class members never knowingly and willingly consented to Defendants reneging on their obligation to provide rebate funds.

65. Plaintiff and the Class members have been damaged by Defendants' wrongful withholding of rebate funds in an amount that is capable of identification through Defendants' records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, prays for relief as follows:

A. Plaintiff prays for an order certifying the Class, and appointing Plaintiff and its counsel to represent the class;

B. For an order awarding Plaintiff and the Class restitution and/or disgorgement and other equitable relief as the Court deems proper;

C. For an order awarding damages on the contract according to proof;

D. For an order awarding Plaintiff and the Class punitive damages as to the appropriate causes of action;

E. For an order enjoining Defendants:

1.  under California Business and Professions Code § 17203 from continuing to engage in business acts and practices, or any of them, which are unlawful, unfair, or fraudulent, as alleged herein; and

F. For an order mandating that Defendants engage in a corrective advertising campaign to correct the misperceptions Defendants' conduct created;

G. For an order awarding Plaintiff and the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs pursuant to California Code of Civil Procedure § 1021.5, and other statutes as may be applicable; and

H. For an order awarding such other and further relief as this Court may deem just and proper.

DATED: July 19, 2010.                    **McCuneWright, LLP**

BY: _____
                    Richard D. McCune
                    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

DATED: July 19, 2010.                    **McCuneWright, LLP**

BY: _____
                    Richard D. McCune
                    Attorneys for Plaintiff

Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV10- 5295 JHN (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

RICHARD D. McCUNE, ESQ. (SBN#132124)
McCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557.1250
Facsimile: (909) 557.1275

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STACEY WISHNER, on behalf of herself and all others similarly situated,

PLAINTIFF(S)

v.

MILLERCOORS, LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; MOLSON COORS BREWING COMPANY; SABMILLER HOLDINGS INC.; CVS PHARMACY, INC.; and DOES 1 through 10,

DEFENDANT(S).

CASE NUMBER

CV 10 - 05295 JHN (DTBx)

**SUMMONS**

TO:   DEFENDANT(S): MILLERCOORS, LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; MOLSON COORS BREWING COMPANY; SABMILLER HOLDINGS INC.; CVS PHARMACY, INC.

A lawsuit has been filed against you.

Within __20 21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney,  Richard D. McCune , whose address is 2068 Orange Tree Lane, Suite 216, Redlands, CA  92374 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 1 9 2010

Dated: _____

Clerk, U.S. District Court

**TERRY NAFISI**

By: _____
           Deputy Clerk

G. GUZMAN

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>STACEY WISHNER, on behalf of herself and all others similarly situated, | **DEFENDANTS**<br>MILLERCOORS, LLC; MILLER BREWING COMPANY; COORS BREWING COMPANY; MOLSON COORS BREWING COMPANY; SABMILLER HOLDINGS INC.; CVS PHARMACY, INC.; and DOES 1 through 10, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>RICHARD D. McCUNE, ESQ. / McCUNEWRIGHT, LLP<br>2068 Orange Tree Lane, Suite 216, Redlands, California 92374<br>Telephone: (909) 557.1250 / Facsimile: (909) 557.1275 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unfair Business Practices [Bus. & Prof. Code §§17200&17500]; CLRA [§1750] Fraud; Breach of Contract; Breach of Implied Good Faith & Fair Dealing; Conversion

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV 10 - 05295 JHN (DTBx)

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| STACEY WISHNER - San Bernardino | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date  July 19, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |